UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VALERIE JACKSON,

     Plaintiff,

v.

                                               CASE NO.: 6:18-cv-00271-ACC-KRS

BILL ME LATER, INC.,

     Defendant.

_____/

## FIRST AMENDED COMPLAINT FOR STATUTORY DAMAGES AND INJUNCTIVE RELIEF AND JURY DEMAND

1.      Plaintiff alleges violations of 47 U.S.C § 227 *et seq*., the Telephone Consumer Protection Act ("TCPA"), against Bill Me Later, Inc. ("Defendant"), placed calls using an automatic telephone dialing system to the Plaintiff's cellular telephone.

2.      Despite these requirements, Defendant, or some person authorized to do so on its behalf, has routinely and systematically placed calls to Plaintiff's cellular telephone, without prior express consent and through the use of an automatic telephone dialing system

3.      The TCPA provides a private cause of action for violation of its provisions and violations of the rules promulgated under the Act.  Defendant is therefore liable to Plaintiff under the TCPA. Plaintiff seeks an injunction, requiring Defendant to cease all calls to cellular telephones placed through the use of an automatic telephone dialing system and without the prior express consent of the consumer, an award of statutory damages to Plaintiff, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331 as this is a civil action arising under the Constitution, laws, or treaties of the United States. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

5.      Plaintiff, Valerie Jackson ("Plaintiff" or "Jackson"), is a natural person, and citizen of the State of Florida, residing in Melbourne, Florida.

6.      Defendant is a business entity registered in Maryland, responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

## FACTUAL BACKGROUND

7.      Defendant called Plaintiff on Plaintiff's cellular telephone dozens of times since August 2016 in an attempt to collect an alleged debt.

8.      The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute Sec. 559.55(6) because any the money, property, insurance or services obtained by Plaintiff were primarily for her personal, family, or household purposes.

9.      In August 2016 Plaintiff requested, on several occasions, that that the calls to her cell phone stop. Plaintiff verbally revoked consent to be called by Defendant several times after that in an effort to stop the collection calls.

10.      Plaintiff continued to receive numerous calls from Defendant after notifying Defendant that they did not have consent to call to Plaintiff's cellular telephone.

11.      Defendant's calls to Plaintiff were made using an automatic telephone dialing system or an artificial or pre-recorded voice.

12.     Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls violated the TCPA, and consequently, these violations were willful and knowing.

13.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number 321-***-4754.

14.     Plaintiff was the "called party" during each phone call that is the subject of this lawsuit.

15.     As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of her privacy. Plaintiff was also affected in personal and individualized ways by stress, anxiety, nervousness, embarrassment, distress and aggravation. As a result of these calls, Plaintiff expended time, her cell phone battery was depleted, her cellular telephone was temporarily unavailable while it was receiving Defendant's calls and resulted in a trespass upon Plaintiff's chattels. All of the above were caused by and/or directly related to Defendant's attempts to collect an alleged debt from Plaintiff through the use of automated/predictive dialing technology.

16.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of robocalls.

17.     By placing these unlawful robocalls, Defendant has caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

18.     Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

3

19.     Defendant's phone calls harmed Plaintiff by wasting her time.

20.     Defendant has been sued in federal court in many other cases alleging that Defendant called an individual using an ATDS after the individual asked for the calls to stop.

21.     Defendant's corporate policy and procedures are structured to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have had.

22.     Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

23.     Defendant violated the TCPA with respect to the Plaintiff.

24.     Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

**COUNT I**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(b)(1)(A)(iii)**

25.     Plaintiff incorporates all previous Paragraphs.

26.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making non-emergency telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable, judgment against Defendant for statutory damages, injunctive relief prohibiting violations of the TCPA by Defendant in the future, and any other relief the court may deem just and proper.

## COUNT II
## WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(b)(1)(A)(iii)

27.     Plaintiff realleges and incorporates by reference paragraphs one though twenty-four of this Complaint as is fully set forth herein.

28.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making non-emergency telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

29.     Each of the aforementioned calls constitute a knowing and willful violation of the TCPA.

30.     As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call, in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant Bill Me Later, Inc., for:

(a)  Statutory damages at $500 dollars per call;

(b)  Willful damages at $1,500 dollars per call;

(c)  An injunction requiring Defendant to cease all communications in violation of the TCPA; and

(d)  Such further relief as this Court may deem appropriate.

### JURY DEMAND

Plaintiff demands trial by jury.

6

Dated: May 23, 2018

Respectfully submitted,

*/s/ Seth M. Lehrman*
Seth M. Lehrman (Fla. Bar No. 132896)
Email: seth@epllc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Facsimile: (954) 524-2822

*Attorney for Plaintiff*